Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000088
28-JUN-2013
08:40 AM

NO. CAAP-13-0000088

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

EUSTAQUIO UY and CARMELITA UY, Plaintiffs-Appellants,
v.
SPENCER HOMES, INC., a Domestic For-Profit Corporation, et al.,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 09-1-0947(1))

ORDER DISMISSING APPEAL AND CROSS-APPEAL
FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record on appeal, it appears that we lack appellate jurisdiction over this appeal in appellate court case number CAAP-13-0000088 that Plaintiffs-Appellants Eustaquio Uy and Carmelita Uy (the Uy Appellants) initiated through their February 12, 2013 notice of appeal from the Honorable Rhonda I.L. Loo's January 29, 2013 judgment, because the January 29, 2013

judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2012), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). We also lack appellate jurisdiction over the Uy Appellants' appeal, and Defendant/Cross-Claim Plaintiff/Cross-Claim Defendant/ Appellee Spencer Homes, Inc.'s (Cross-Appellant Spencer Homes), cross-appeal, from the Honorable Rhonda I.L. Loo's subsequently entered April 26, 2013 amended judgment.

Because neither the Uy Appellants nor Cross-Appellant Spencer Homes supplemented the record on appeal with the April 26, 2013 amended judgment pursuant to Rule 10(e)(2) of the Hawai'i Rules of Appellate Procedure (HRAP), as HRAP Rule 11(a) expressly required the Uy Appellants and Cross-Appellant Spencer Homes to do, we first address why we lack appellate jurisdiction over the Uy Appellants' appeal from the January 29, 2013 judgment, a copy of which is in the record on appeal for appellate court case number CAAP-13-0000088. HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and

-2-

against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338 (emphases added). "For example: 'Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint.'" Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added). When interpreting the requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawaiʻi has explained that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338 (original emphasis). Although the Uy Appellants' second amended complaint asserts nine separate and distinctly enumerated counts, the January 29, 2013 judgment purports to enter judgment in favor of the Uy Appellants and against all of the defendants without specifically identifying the claim or claims on which the circuit court intends to enter judgment in favor of the Uy Appellants and

against all of the defendants, as HRS § 641-1(a) and HRCP Rule 58 require for an appealable final judgment under the holding in Jenkins. Therefore, the January 29, 2013 judgment is not an appealable final judgment under HRS § 641-1(a), HRCP Rule 58, and the holding in Jenkins.

As already stated, the Uy Appellants and Cross-Appellant Spencer Homes additionally purport to invoke our appellate jurisdiction to review a subsequently entered April 26, 2013 amended judgment. The Uy Appellants attempted to initiate this appellate review by filing the Uy Appellants' April 29, 2013 "amended notice of appeal." As the Supreme Court of Hawai'i has specifically held, "[h]owever, since an amended notice of appeal relates back to the notice of appeal it purports to amend, it does not appeal an order, judgment, or decree entered subsequent to the notice of appeal it purports to amend." Enos v. Pacific Transfer & Warehouse, Inc., 80 Hawai'i 345, 355-56, 910 P.2d 116, 126-27 (1996) (internal quotation marks and brackets omitted; quoting Chan v. Chan, 7 Haw. App. 122, 129, 748 P.2d 807, 811 (1987)); In re Robinson Trust, 110 Hawai'i 181, 184 n.5, 130 P.3d 1046, 1049 n.5 (2006); State v. Ontiveros, 82 Hawai'i 446, 448 n.5, 923 P.2d 388, 390 n.5 (1996). Under the holding in Enos v. Pacific Transfer & Warehouse, Inc., therefore, the Uy Appellants' April 29, 2013 "amended notice of appeal" relates back to the Uy Appellants' February 12, 2013 notice of appeal, and, consequently, the Uy Appellants' April 29, 2013 "amended notice of appeal" does not invoke our appellate jurisdiction to review a judgment that the circuit court entered subsequent to the Uy

-4-

Appellants' February 12, 2013 notice of appeal such as the April 26, 2013 amended judgment. Therefore, the Uy Appellants' April 29, 2013 "amended notice of appeal" is invalid as to the April 26, 2013 amended judgment.

Even assuming, arguendo, that the Uy Appellants had filed a valid notice of appeal as to the April 26, 2013 amended judgment, however, on April 15, 2013, the circuit court clerk filed the record on appeal for appellate court case number CAAP-13-0000088, at which time the record on appeal did not contain the April 26, 2013 amended judgment. Neither the Uy Appellants nor Cross-Appellant Spencer Homes have supplemented the record on appeal with the April 26, 2013 amended judgment pursuant to HRAP Rule 10(e)(2), despite that HRAP Rule 11(a) required the Uy Appellants and Cross-Appellant Spencer Homes to do so. See HRAP Rule 11(a) ("It is the responsibility of each appellant to provide a record, as defined in Rule 10 and the Hawai'i Court Records Rules, that is sufficient to review the points asserted and to pursue appropriate proceedings in the court or agency from which the appeal is taken to correct any omission."). We cannot review an incomplete record on appeal, and, as the Supreme Court of Hawai'i has held, "[a]n appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted). Therefore, even assuming, arguendo, that the Uy Appellants had filed a valid notice of appeal as to the April 26, 2013 amended judgment, the holding in Jenkins would require us to dismiss

appellate court case number CAAP-13-0000088 for lack of appellate jurisdiction as to the April 26, 2013 amended judgment.

Finally, even assuming, arguendo, that the Uy Appellants or Cross-Appellant Spencer Homes had supplemented the record on appeal with the April 26, 2013 amended judgment pursuant to HRAP Rule 10(e)(2), as HRAP Rule 11(a) required them to do, the April 26, 2013 amended judgment would still fail to satisfy the requirements for an appealable final judgment in the same way that the January 29, 2013 judgment fails to satisfy the requirements for an appealable final judgment. The Uy Appellants attached a photocopy of the April 26, 2013 amended judgment to their April 29, 2013 "amended notice of appeal." Although the Uy Appellants' second amended complaint asserted nine separate and distinct counts, the April 26, 2013 amended judgment does not specifically identify the claim or claims from the nine-count second amended complaint on which the circuit court intends to enter judgment in favor of the Uy Appellants and against the defendants in the April 26, 2013 amended judgment. Because the April 26, 2013 amended judgment does not identify the claims on which the circuit court intends to enter judgment in favor of the Uy Appellants and against all of the defendants, the April 26, 2013 amended judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58 under the holding in Jenkins. See Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338.

Absent an appealable final judgment that specifically identifies the claim or claims on which the circuit court intends

to enter judgment in favor of the Uy Appellants and against all of the defendants, the Uy Appellants' appeal is premature and we lack jurisdiction over appellate court case number CAAP-13-0000088.  Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0000088 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i,  June 28, 2013.

Presiding Judge

Associate Judge

Associate Judge